UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH PAUL YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 4:15-CV-04107-RAL<br><br><br>OPINION AND ORDER ON PENDING<br>MOTIONS AND DISMISSING CASE |

Plaintiff Joseph Paul Young and his history in the District of South Dakota is well known to this Court. After a jury trial Young was convicted and sentenced for committing three bank robberies in the District of South Dakota. United States v. Young, 08-CR-40151-RAL. The United States Court of Appeals for the Eighth Circuit affirmed Young's conviction and sentence. United States v. Young, No. 10-3587 (8th Cir. July 14, 2011).

Young filed an initial motion under 28 U.S.C. § 2255. Young v. United States, 11-CV-4140-RAL. In a lengthy Opinion and Order Denying Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, Id. at Doc. 26, this Court explained why Young was entitled to no relief under § 2255. The Eighth Circuit affirmed.

In May and June of this year, Young sent two letters to the undersigned judge. Because the letters were of a nature disputing his conviction and sentence, this Court ultimately directed the Clerk of Court to file them as if a § 2255 motion. This Court then entered an Order Regarding Completion of § 2255 Packet, observing that it was unclear whether Young wanted to proceed with another § 2255 motion or if he "mistakenly thinks that writing letters to a judge will change his conviction

1

somehow." Young v. United States, 15-CV-4107-RAL, Doc. 4. Young then filed a formal § 2255 motion which duplicated in part claims he had previously made. Id. at Doc. 5. Young filed a Motion to Proceed Without Prepayment of Fees and Declaration, Doc. 6, and separately a Motion to Request a Change of Judge. Doc. 8. Young asserted, mistakenly, that this Court "contacted prison officials stating petitioner threatened the court. This allegation by itself shows a conflict of interest." Doc. 8 at 2.

This Court then entered an Order Directing Government's Response to Request Change of Judge. Doc. 9. The Government filed its response together with a Declaration of Assistant United States Attorney Kevin Koliner. Docs. 11, 11-1. In the declaration, Koliner explained that he read Young's letters, "became concerned that [Young] posed a potential threat to harm himself or others," notified a Bureau of Prisons' official, and at the request of the official sent a copy of Young's letters there. Doc. 11-1. Thus the principal basis for Young's request for recusal is mistaken. Young of course has no firsthand knowledge as to how prison officials became aware of the tone and content of his letters to this Court, but it was not through this Court as Young believes.

The standard for recusal by a judge is that "A judge must recuse from 'any proceeding in which [the judge's] impartiality might reasonably be questioned.'" United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (quoting 28 U.S.C. § 455(a)). The standard is an objective one, in which the question posed is "'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of case.'" Melton, 738 F.3d at 905 (quoting Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002)). In practice, the standard requires a showing that "the judge had a disposition 'so extreme as to display clear inability to render fair judgment.'" Melton, 738 F.3d 905 (citing United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006) (additional citations omitted)). This is not such a circumstance justifying recusal.

This being a § 2255 petition, there is no filing fee, so the request to proceed in forma pauperis, Doc. 6, is moot. Nevertheless, this Court will grant Young in forma pauperis status as he is

2

an indigent inmate. However, Young's § 2255 motion must be denied and dismissed. Under Rule 4(b) the Rules Governing Section 2255 Proceedings for the United States District Court, this Court must examine a § 2255 motion, and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Id. Under 28 U.S.C. § 2255(h), for Young to pursue a second or successive § 2255 motion such as this one, Young must obtain a certification under 28 U.S.C. § 2244 by a panel of the United States Court of Appeals for the Eighth Circuit. Young has not done so.

Therefore, it is hereby

ORDERED that Young's Motion to Request a Change of Judge, Doc. 8, is denied. It is further

ORDERED that Young's Motion to Proceed Without Prepayment of Fees, Doc. 6, is granted, but that the Motion to Vacate, Set Aside, or Correct under 28 U.S.C. § 2255, Doc. 4, is denied and dismissed. It is further

ORDERED that no certificate of appealability enters.

DATED this 11th day of August, 2015.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE